**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**SHANNON M. GILLEY,**

            **Petitioner,**

                                      **CASE NO. 2:08-CV-693**
                                      **CRIM. NO. 2:07-CR-99(2)**
    **v.**                              **JUDGE MARBLEY**
                                      **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

            **Respondent**.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the motion, Doc. No. 186, respondent's return of writ, Doc. No. 199, petitioner's traverse, Doc. No. 200, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

Petitioner's underlying criminal convictions on conspiracy to possess with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(viii) and conspiracy to possess with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(ii) are the result of her negotiated guilty pleas. *See* Doc. No. 132. On November 30, 2007, the Court sentenced petitioner to an aggregate term of 87 months incarceration plus four years supervised release. *See* Doc. No. 175. Petitioner did not file an appeal.

On July 8, 2008, petitioner filed her instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. She asserts as follows:

> 1. Ineffective assistance of counsel: Whether petitioner's defense counsel coerced her to plead[] guilty to "gun enhancement" charge pursuant to U.S.S.G. §2D1.1(b)(1) for "possess[ion] of [a] firearm."

> 2. Ineffective assistance of counsel: Whether there was "lack of communication" between client and attorney. In specific, if meeting of minds were conducted by both parties involved to ensure that petitioner's rights were not violated.

It is the position of the respondent that petitioner's claims of ineffective assistance of counsel are without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts that her attorney coerced her to agree to a two level increase in her recommended sentence under the United States Sentencing Guidelines for possession of a firearm under U.S.S.G. §2D1.1(b)(1);[1] *see PreSentence Investigation Report*, at ¶53, and failed to advise her that, as a result, she would be ineligible to participate in a prison's drug program. According to petitioner, her attorney instead told her that she would be eligible for a 12 to 18 month reduction in her prison term upon successful completion of the prison's drug program. Petitioner complains that police found the firearm(s) at issue in a plastic container inside the house that she shared with her boyfriend, Michael Lake, who admitted that the guns were his. She denies knowing that guns were in the house and

---

[1] U.S.S.G. §2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed," the defendant's recommended sentence under the United States Sentencing Guidelines is to be increased by 2 levels.

contends that she is innocent of the charge of possession of a firearm in furtherance of a conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, as was charged in count 3 of the indictment. *See Bailey v. United States*, 516 U.S. 137 (1995).[2] *Memorandum in Support of Petition.* Therefore, petitioner asserts, her guilty plea was not knowing or voluntary. Petitioner additionally asserts that her attorney performed in a constitutionally ineffective manner by failing to consult with her adequately prior to trial, and by failing to properly prepare the case.

A prisoner may challenge the entry of a plea of guilty based on counsel's ineffectiveness. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner challenging the entry of her guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice fell below the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the

---

[2] In *Bailey, supra,* the United States Supreme Court held that a conviction under 18 U.S.C. §924(c) requires more than mere possession of the firearm; the government must establish "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.,* 516 U.S. at 505-06.

> defendant must show that there is a reasonable probability
> that, but for counsel's errors, [she] would not have pleaded
> guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Additionally, because a criminal defendant waives numerous constitutional rights when she enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks,* at 885 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look to the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).

Here, petitioner signed a *Plea Agreement* indicating that she agreed to plead guilty to counts one and two of the indictment. She understood that the penalties included a mandatory minimum term of five years imprisonment to a maximum term of forty years. Doc. No. 132. In return, the government agreed to dismiss counts 3 through 8 of the indictment and represented that it would not pursue additional criminal charges based on the activities charged or other narcotics violations in the Southern District of Ohio occurring prior to the date of indictment. *Id.* The parties agreed that petitioner's relevant conduct under the United States Sentencing Guidelines included 5 kilograms of cocaine and 4 kilograms of methamphetamine, that petitioner would receive a two level

enhancement for possession of a firearm, no enhancement for her role in the offense, and a reduction for acceptance of responsibility and timely notifying the authorities of her intention to plead guilty. *Id.* Finally, the government agreed that it might move for a reduction of sentence should petitioner provide substantial assistance. *Id.*

At the time of her guilty plea, petitioner represented that she had discussed the charges and any potential defenses with her attorney, and that her attorney had explained the charges to her. *Guilty Plea Transcript*, at 4. She had told her lawyer everything she knew about the case and believed that her attorney was fully informed of the facts of the case. *Id.*, at 10. Her attorney had fully advised petitioner of any defenses to the charges that she might have. *Id.* Petitioner had discussed with her counsel the maximum possible penalties that she faced. *Id.,* at 5. She was satisfied with her attorney's advice and representation. *Id.*, at 10. She denied being under the influence of alcohol or drugs. *Id.*, at 8-9. The Court also advised petitioner of the elements of the offenses to which she was pleading guilty and the maximum penalties that she faced. *Id.*, at 10-14. She understood that the Court could impose the maximum sentences for the offenses charged. *Id.*, at 15. Petitioner at all times indicated that she understood. She asked no questions. She had discussed with her attorney how the sentencing guidelines might apply in her case. *Id.*, at 16. The Court advised her of all of the rights that she waived by pleading guilty. She indicated that she understood. *Id.*, at 17-18. The prosecutor summarized the terms of her plea agreement, including the fact that a two level enhancement would be imposed for possession of a firearm. *Id.*, at 18-22. Petitioner expressed her agreement with those terms.

*Id.*, at 23.  She denied that anyone had promised or suggested to her that she would receive

a lighter sentence or some other form of leniency in exchange for her guilty plea.  *Id.*, at 23.

She denied having been threatened or forced to plead guilty.  *Id.*, at 24.

The facts of the case were summarized at the change of plea proceeding:

> On October 5, 2004, law enforcement conducted a search at 580 Rockhill Drive, the residence of Shannon Gilley.  During the search, law enforcement seized 115 grams of methamphetamine and $7,000 in cash.
>
> On October 6, 2006, law enforcement conducted a search at 3447 West Henderson Road, the residence of Michael Lake and Shannon Gilley.  During that search, law enforcement seized 274 grams of cocaine, 134 grams of methamphetamine and $39,383 in cash as well as three firearms, digital scales, and a drug ledger.
>
> On the same day, law enforcement seized an additional $30,000 and 21 grams of methamphetamine from a storage locker in the name of Michael Lake.
>
> On November 3, 2006, law enforcement conducted a search of a room at the Woodfin Inn on 4130 Tuller Road.  This room belonged to Shannon Gilley.  During the search, law enforcement recovered 18 grams of meth and numerous digital scales.
>
> An extensive investigation by the Franklin County Sheriff's office and the DEA revealed that since 2004, Shannon Gilley was receiving large amounts of cocaine and methamphetamine from sources in Texas and the West Coast.  Ms. Gilley would often receive these narcotics through the mail and distribute it to various customers throughout the Columbus area.
>
> From October 2004 through and including April of 2007, Shannon Gilley, with the assistance of Michael Lake and others, distributed 5 kilograms of cocaine and 4 kilograms of methamphetamine.

From 2004 to 2006 Michael Lake would receive methamphetamine from Ms. Gilley and distribute it to numerous customers throughout Columbus.

In 2004 through 2006 Michael Lake and Jerome Edwards purchased kilogram amounts of cocaine from James Lamb. They would sell the cocaine to numerous customers throughout Columbus.

Michael Lake owned and possessed the firearms throughout the conspiracy and in furtherance of the conspiracy. Michael Lake, through the time of the conspiracy, distributed approximately 5 kilograms of cocaine and 800 grams of methamphetamine.

*Id.*, at 24-26. Petitioner agreed with these facts and admitted her guilt. *Id.*, at 26-27.

Moreover, at her sentencing hearing, petitioner indicated that she had received a copy of

the Presentence Investigation Report at least ten days prior to her sentencing hearing and

had reviewed and discussed those materials with her attorney. Her attorney had answered

all of her questions with respect to the Presentence Investigation Report. *Sentencing*

*Transcript*, at 3.

Pursuant to the terms of petitioner's negotiated plea agreement, the prosecution

dismissed counts three through eight of the indictment, thereby substantially reducing

petitioner's potential prison exposure. Petitioner was granted a two point reduction under

the United States Sentencing Guidelines for acceptance of responsibility, *Presentence*

*Investigation Report,* at ¶58, and a one point reduction for timely notifying the authorities

of her intention to enter a guilty plea, *Id.*, at ¶59. The probation officer calculated the

recommended sentence under the United States Sentencing Guidelines as ranging from 168

to 210 months imprisonment, and actually recommended a sentence of 168 months incarceration. However, the government moved for a downward departure pursuant to §5K1.1. *See Motion for Downward Departure*, Doc. No. 167. The Court sentenced petitioner to an aggregate term of 87 months in prison. At sentencing, defense counsel advised the Court that petitioner had been a "longtime drug abuser" and requested the Court to recommend that petitioner be admitted to the "RDAP program" or placed in an institution where such program was available. *Sentencing Transcript*, at 9. The Court recommended to the Bureau of Prisons that petitioner undergo a mental health assessment and participate in a 500 substance abuse treatment program. *Id.*, at 13.

The United States Court of Appeals for the Sixth Circuit has held that a two level enhancement under §2D1.1. for possession of a firearm is proper if the United States establishes, by a preponderance of the evidence, that:

> (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense.

*United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.1996). The record reflects that such were the circumstances here. Therefore, it does not appear that a challenge to petitioner's two level enhancement in her recommended sentence under the United States Sentencing Guidelines for possession of a firearm under §2D1.1 would have met with success. Police found three firearms in petitioner's home, along with large quantities of drugs and money. *See Presentence Investigation Report*, at ¶33; *see also United States v. Harding,* 2008 WL 4073393 (E.D. Ky. August 29, 2008) ("Constructive possession of an item is the ownership or

dominion or control over the item itself, or dominion over the premises where the item is located."). Petitioner has therefore failed to establish that defense counsel acted in an unreasonable manner by advising her to accept a plea agreement that included a two level enhancement for possession of a firearm. Further, the record does not otherwise reflect that the government would have been unable to establish the charges against petitioner. By pleading guilty, petitioner substantially reduced her prison exposure. Under these circumstances, it is unlikely that any competent counsel would have advised petitioner against pleading guilty.

As to petitioner's allegation that her attorney promised that she would receive a reduction in her sentence upon completion of the prison's drug program, the United States Court of Appeals for the Sixth Circuit has held:

> It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties. Furthermore, "a plea bargain itself is contractual in nature and 'subject to contract-law standards.'" *United States v. Krasn,* 614 F.2d 1229, 1233 (9th Cir. 1980), quoting *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir. 1979). To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards. The Court holds therefore that where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court....

*Warner v. United States,* 975 F.2d 1207, 1212 (6th Cir. 1992). Further, an inaccurate prediction by defense counsel regarding petitioner's sentence does not constitute the ineffective

assistance of counsel under *Strickland, supra,* nor does it render petitioner's guilty plea invalid.

> It has long been settled as a general rule that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel. This rule has been reinforced with the advent of Guideline sentencing and the detailed procedures to be followed in conducting the Rule 11 colloquy at the guilty plea hearing. *See, e.g., United States v. Stephens,* 906 F.2d 251, 253 (6th Cir.1990) ("The mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement.... This is especially true under the new Sentencing Guidelines.") (quoting *United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir.1989) ("[The Sentencing Guidelines] reinforce our earlier decisions on the issue. Under the Guidelines there will be many more detailed hearings regarding imposition of sentence.")).

> The rationale is that the Rule 11 colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel.

*Brown v. United States,* 75 F.Supp.2d 345, 355 (D. N.J. 1999) (citations omitted).

Petitioner denied, at the time she entered her guilty pleas, that any promises not contained in the plea agreement had been made to induce her guilty pleas. Petitioner was satisfied with her attorney and repeatedly indicated, both at the change of plea proceeding and at sentencing, that she had reviewed the case and her sentencing ramifications with counsel. She articulated no questions or concerns.

This Court must indulge a strong presumption that statements made by the parties

at the plea hearing were truthful. *Blackledge v. Allison*, 431 U.S. 63, 74, 76 (1977).

> [T]he representations of the defendant, [her] lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* In view of the record before this Court, petitioner's current unsupported contention that her guilty plea was coerced and not knowing or intelligent is not worthy of credit. *See Id.* at 74. Petitioner has simply failed to establish that, but for the inadequate performance of counsel, she would not have pleaded guilty but would instead have proceeded to trial. *See Hill v. Lockhart, supra.*

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge

11

with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


December 10, 2009                                                s/Norah McCann King
                                                                 Norah McCann King
                                                                 United States Magistrate Judge