**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHANNON M. GILLEY,

        **Petitioner,**

                                            **CASE NO. 2:08-CV-693**
    vs.                                   **CRIM. NO. 2:07-CR-00099**
                                            **JUDGE MARBLEY**
                                            **MAGISTRATE JUDGE KING**

UNITED STATES OF AMERICA,

        **Respondent**.

**OPINION AND ORDER**

On December 10, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 be dismissed. Doc. No. 207. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation,* Doc. No. 210. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of her claims on the merits. She raises all of the arguments she previously presented. These arguments are not persuasive.

As discussed by the Magistrate Judge, in order to obtain relief from a guilty plea based on the ineffective assistance of counsel, petitioner must establish that, but for the inadequate advice of her attorney, there is a reasonable probability that she would not have pleaded guilty, but would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52,

59 (1985). Here, in exchange for her guilty plea, petitioner obtained dismissal of the charge

that she possessed firearms in furtherance of the drug conspiracy under 18 U.S.C. §924(c),

as well as Counts 4-8 of the Indictment against her, and was sentenced to 87 months

incarceration pursuant to the government's motion under §5K1.1, *see* Doc. No.167, a term

of imprisonment well below her recommended guideline range of 168 to 210 months.

Thus, petitioner greatly reduced her sentence, and her potential prison exposure, by

entering a guilty plea. Further, nothing in the transcripts of her guilty plea and sentencing

supports her current allegation that her guilty plea was not knowingly, intelligently and

voluntarily made. Although petitioner now complains that the facts did not support a two

level increase in her recommended sentence pursuant to U.S.S.G. §2D1.1(b)(1), because she

did not know about or have access to firearms found in her garage or storage locker,

> [t]his enhancement applies if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet. U.S.S.G. § 2D1.1, application note 3.

*United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996).

> Evidence that a firearm was used or carried during a drug transaction is unnecessary. *See United States v. Kincaide,* 145 F. 3d 771, 784 (6th Cir.1998). And, constructive possession is established if the defendant had "ownership, or dominion, or control over the [firearm] itself, or dominion over the premises where the [firearm] was located." *Sanchez,* 928 F.2d at 1460 (internal quotations omitted).
>
> Once the government establishes possession, "a presumption arises that such possession was connected to the offense," and

the burden then shifts to the defendant to show that "it is clearly improbable that the weapon was connected to the offense." *Id.* ... A defendant must present concrete evidence that a gun had no connection with his crime to satisfy his burden. *See, e.g., United States v. Zimmer,* 14 F.3d 286, 290-91 (6th Cir.1994) (finding that concrete evidence was shown where the guns in question were used solely for hunting). Where a defendant attempts to satisfy his burden by asserting that a gun belonged to another person, he has failed to demonstrate clear improbability. *See, e.g., Hill*, 79 F .3d at 1486 (holding that the assertion that the gun in question belonged to the defendant's roommate did not constitute concrete evidence).

*United States v. Cowherd*, 238 F.3d 424, unpublished, 2000 WL 1909385 (6th Cir. December 27, 2000). This Court agrees with the conclusion of the Magistrate Judge that it does not appear that a challenge to petitioner's two level enhancement in her recommended sentence under §2D1.1 would have met with success in this case. Further, in view of the record, this Court likewise concludes that an evidentiary hearing is unwarranted on petitioner's claim that her guilty plea was induced by an off-the-record promise that she would receive a reduction in her sentence upon completion of the prison's drug program.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

IT IS SO ORDERED.

     s/Algenon L. Marbley
     ALGENON L. MARBLEY
     United States District Judge